UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

USAA CASUALTY INSURANCE COMPANY,

                          Plaintiff,

           v.

SHANNON OLIN

and

THE ESTATE OF JOSHUA KLICK, by and through its Personal Representative, ANITA SIMS, individually,

                       Defendants.

No.

**COMPLAINT FOR DECLARATORY RELIEF**

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff USAA Casualty Insurance Company ("USAA CIC"), by and through its undersigned counsel, and for its Complaint for Declaratory Judgment states as follows:

COMPLAINT FOR DECLARATORY RELIEF - 1

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

## NATURE OF THE DISPUTE

1.      This is an action for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  USAA CIC does not seek any monetary relief from its insured, Shannon Olin ("Olin").

2.      USAA CIC seeks a determination of the parties' rights and obligations in connection with a renters protection policy (the "USAA CIC Rental Policy") under which Olin has sought coverage for claims asserted against her in the action entitled *The Estate of Joshua Klick, by and through its Personal Representative, Anita Sims, individually v. Shannon Olin, et al.*, Case No. 22-2-02545-31 (Wash. Super. Ct., Snohomish Cnty.) (the "Klick Action").  A copy of the Initial Complaint filed in the Klick Action is attached hereto as **Exhibit 1**.

3.      In the Klick Action, Joshua Klick's estate alleged Olin engaged in an improper romantic relationship with Klick while she was his mental health therapist. **Ex. 1** at ¶ 2.5.  Klick's estate alleged Klick was referred to Olin's care after spending time in in-patient care for depression.  *Id.* at ¶ 2.2.

4.      Klick's estate alleged Klick and Olin had a tumultuous romantic relationship on and off for about a year and a half.  **Ex. 1** at ¶ 2.8.  Klick's estate further alleged that in May 2020, after Klick's and Olin's relationship ended, Klick entered Olin's home and was shot by Olin's new boyfriend, James Schoon.  *See id.* at ¶ 2.13.

5.      No coverage under the USAA CIC Rental Policy applies to the Klick Action, because the Klick Action alleged injuries caused by intentional conduct and not caused by an "occurrence" (*i.e.*, an accident), and because coverage is precluded

COMPLAINT FOR DECLARATORY RELIEF - 2

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

by exclusions in the USAA CIC Rental Policy for injury that is: (a) expected or intended by any insured; (b) arising out of or in connection with a business engaged in by an insured, or (c) arising out of the rendering of or failure to render professional services.

6.    USAA CIC accordingly seeks a declaration that it has no obligation to defend or indemnify Shannon Olin in connection with the Klick Action.

## PARTIES

7.    Plaintiff USAA CIC is a Texas corporation with a principal place of business in Texas.  USAA CIC issued renters protection Policy No. CIC 01922 50 70 REN 001 (effective May 30, 2019 to May 30, 2020) (the "USAA CIC Rental Policy") to named insured Shannon Olin.  A copy of the USAA CIC Rental Policy is attached hereto as **Exhibit 2**.

8.    Upon information and belief, Defendant Shannon Olin is a natural person domiciled in Colorado and is a citizen of Colorado.

9.    Upon information and belief, the decedent, Joshua Klick, on whose behalf Anita Sims brought the Klick Action as personal representative of the Klick Estate, was domiciled in Washington and was a citizen of Washington.

## JURISDICTION AND VENUE

10.    Upon information and belief, no Defendant is a citizen of the same state as USAA CIC (*i.e.*, Texas).

11.    The USAA CIC Rental Policy has a liability limit of $100,000 per occurrence.

COMPLAINT FOR DECLARATORY RELIEF - 3

12. Based on the allegations in the Klick Action, without admitting the merits thereof, the amount in controversy exceeds $75,000 exclusive of interest and costs.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 exclusive of interest and costs and because complete diversity of citizenship exists between Plaintiff and Defendants.

14. A substantial part of the alleged actions giving rise to the Klick Action occurred within the Western District of Washington.

15. The Klick Action was litigated in the Washington State Superior Court for Snohomish County, which is within the Western District of Washington.

16. The USAA CIC Rental Policy was delivered to Olin in Arlington, Washington.

17. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial amount of the events and occurrences giving rise to this action, including the alleged actions giving rise to the Klick Action, litigation of the Klick Action, and the delivery of the USAA CIC Rental Policy, occurred within the Western District of Washington.

18. There is a real, substantial, and justiciable controversy between the parties concerning coverage for the Klick Action under the USAA CIC Rental Policy, and the controversy is ripe for determination.

19. USAA CIC brings this Complaint for Declaratory Judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and pursuant to the Declaratory

COMPLAINT FOR DECLARATORY RELIEF - 4

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

Judgment Act, 28 U.S.C. § 2201, to obtain a declaration of USAA CIC's rights and obligations under the USAA CIC Rental Policy.

## FACTUAL BACKGROUND

### A.    The Klick Action

20.    On May 5, 2022, Klick's Estate filed an Initial Complaint initiating the Klick Action.

21.    The Klick Action named Olin, Schoon, and Compass Health (Olin's employer while she treated Klick), as defendants.

22.    On July 6, 2022, Klick's Estate filed a First Amended Complaint in the Klick Action, a copy of which is attached hereto as **Exhibit 3**.

23.    At the time she first met Klick in 2017, Olin was allegedly a licensed mental health counselor at Compass Health in Marysville, Washington.  **Ex. 3**, ¶ 2.1.

24.    In the spring or early summer of 2017, Klick's "mental health [was allegedly] deteriorating" to the point of needing referral to "a crisis team," **Ex. 3** at ¶ 2.2, and Klick allegedly spent "some time in-patient at Fairfax Hospital for his depression," **Ex. 1**, ¶ 2.2.

25.    Following Klick's in-patient treatment, Klick was allegedly "assigned to Olin [ ] as his therapist" and Olin began serving as Klick's therapist.  **Ex. 3**, ¶ 2.3.

26.    In August 2018, Klick allegedly told his family Olin had kissed him.  See **Ex. 1** at ¶ 2.4; **Ex. 3** at ¶ 2.4.

27.    Olin allegedly engaged in an unethical and inappropriate romantic relationship with Klick beginning in September 2018.  *See* **Ex. 1** at ¶ 2.5; **Ex. 3** at

COMPLAINT FOR DECLARATORY RELIEF - 5

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

¶ 2.5.

28. Olin admitted in connection with the Klick Action that she ceased providing therapy treatment to Mr. Klick after their romantic relationship began.

29. Klick allegedly moved into Olin's house in October 2018. *See* **Ex. 1** at ¶ 2.6; **Ex. 3** at ¶ 2.6.

30. Klick's Estate alleged that "[b]y Fall 2018, Olin told Klick she could no longer continue therapy with him, as they were engaged in a romantic relationship and lived together." **Ex. 3** at ¶ 2.7.

31. Olin allegedly discouraged Klick from seeking treatment because she was concerned that she could get into trouble at work for being in an unethical relationship with a patient. Klick's Estate alleged Klick sought treatment at a methadone clinic, but that Olin "told [Klick and his brother] they could not use this facility because she worked for the same tribe in a different office and was concerned that her work would become aware of her personal relationship with Klick." **Ex. 1** at ¶ 2.10; **Ex. 3** at ¶ 2.10.

32. Klick's Estate alleged that in April of 2020, Klick moved out of Olin's house, and that Schoon, a high school classmate and friend of Olin's, began to stay at Olin's house. *See* **Ex. 1** at ¶ 2.9, 2.11–12; **Ex. 3** at ¶ 2.9, 2.11–12.

33. Klick's Estate alleged that on May 4, 2020, Klick went to Olin's house to speak with her, climbed up the back deck, and entered the home through a sliding glass door in the dining room. *See* **Ex. 1** at ¶ 2.13; **Ex. 3** at ¶ 2.13.

34. After Klick entered Olin's home, Schoon, who was armed, allegedly warned Klick that he was not welcome in the house. *See* **Ex. 1** at ¶ 2.13; **Ex. 3** at

COMPLAINT FOR DECLARATORY RELIEF - 6

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

¶ 2.13.  Klick and Schoon then allegedly began a physical struggle in Olin's kitchen, during which Schoon allegedly fired a shot into the floor.  *See id*.  Schoon allegedly fired a second shot at a downward angle into Klick's chest.  *See id*.  Klick was then allegedly taken to the hospital and put on life support.  *See* **Ex. 1** at ¶ 2.13–15; **Ex. 3** at ¶ 2.13–15.  Klick's Estate alleged that Klick was taken off life support and died on May 28, 2020, from injuries he sustained on May 4, 2020.  *See* **Ex. 1** at ¶ 2.15; **Ex. 3** at ¶ 2.15.

35.    On the date of the shooting, an anonymous Social Worker allegedly reported Olin to the Department of Health for her inappropriate relationship with Klick.  **Ex. 3**, ¶ 2 14.

36.    Olin allegedly entered into an Agreed Order with the Washington Department of Health stating that Olin committed unprofessional conduct in violation of RCW 18.130.180(4), (7), and (24),[1]  Administrative Code 246-16-100(1)(a),[2]  and Administrative Code 246-809-049.[3]  *See* **Ex. 1** at ¶ 2.16, **Ex. 3** at ¶ 2.16.

[1]  ". . . [T]he following conduct, acts, or conditions constitute unprofessional conduct for any license holder under the jurisdiction of this chapter: . . . (4) Incompetence, negligence, or malpractice which results in injury to a patient or which creates an unreasonable risk that a patient may be harmed. . . . (7) Violation of any state or federal statute or administrative rule regulating the profession in question, including any statute or rule defining or establishing standards of patient care or professional conduct or practice . . . (24) Acceptance of more than a nominal gratuity, hospitality, or subsidy . . . ."

[2]  "A health care provider shall not engage, or attempt to engage, in sexual misconduct with a current patient, client, or key party, inside or outside the health care setting.  Sexual misconduct shall constitute grounds for disciplinary action.  Sexual misconduct includes but is not limited to:  (a) sexual intercourse . . . ."

[3]  "The definitions and prohibitions on sexual misconduct described in WAC 246-16-100 apply to licensed counselors and associates, except a licensed counselor or associate shall never engage, or attempt to engage, in the activities listed in WAC 246-16-100 (1) and (2) with a current *or former* patient . . . ."  (emphasis added).

COMPLAINT FOR DECLARATORY RELIEF - 7

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

37.   As the Klick Action progressed, Schoon and Compass Health were dismissed, leaving only Olin as a defendant.  Olin moved for summary judgment to dismiss claims for damages arising from the shooting itself, arguing that 1) the shooting damages were barred by the Felony Tort Rule (because Klick's break-in constituted felony burglary) and that 2) the shooting was not a foreseeable consequence of any breach of duty by Olin.  *See* Order Granting Defendant Olin's Renewed Motion for Summary Judgment, *Estate of Joshua Klick v. Olin*, No. 22-2-02545-31 (Super. Ct. Wash., Snohomish Cnty. Oct. 8, 2024).  The Court granted summary judgment on both issues but permitted Klick's Estate to proceed and make a case for pre-shooting damages.  *Id.*

38.   The Klick Action does not assert Olin was liable for causing Klick any bodily harm, sickness, or disease prior to the shooting.

39.   The Klick Action went to trial starting on May 5, 2025.  On May 14, 2025 the jury returned a verdict awarding the Klick Estate $7,000,000 for pre-shooting damages.  A copy of the special verdict form is attached hereto as **Exhibit 4**.  The jury found Klick contributory negligent and apportioned him a 15% share of the fault, with the remaining 85% share apportioned to Olin.  **Ex. 4**.  The share of the verdict apportioned to Olin is $5,950,000.  *Id.*

40.   Klick's Estate and Olin appealed and cross-appealed to the Washington Court of Appeals, No. 883241, and the appeals remain pending.

41.   Klick's Estate has sought to overturn the trial court's rulings on foreseeability and the felony tort rule and asked the court to remand the case for a new

COMPLAINT FOR DECLARATORY RELIEF - 8

trial solely on the issue of damages caused by the shooting, leaving in place the verdict on pre-shooting damages.  Brief of Appellant, *Estate of Joshua Klick v. Shannon Olin*, No. 883241, pp. 3–4 (Wash. Ct. App. Nov. 10, 2025).

42.     Olin has sought to overturn the trial court's rulings that causation had been established as a result of Olin's negligence per se, and denying Olin's motion to preclude the Estate from presenting evidence that Olin had a duty to render aid to Klick after their therapeutic relationship ended.  Brief of Respondent / Cross-Appellant, *Estate of Joshua Klick v. Shannon Olin*, No. 883241, p. 4 (Wash. Ct. App. Feb. 9, 2026).

## B.     The USAA CIC Rental Policy

43.     The USAA CIC Rental Policy provides Personal Liability coverage for "damages because of **bodily injury** or **property damage** caused by an **occurrence**" to which the USAA CIC Rental Policy applies.  **Ex. 2**, Washington Amendatory Endorsement – Liability.

44.     The USAA CIC Rental Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:  a. **bodily injury**; or b. **property damage**."  **Ex. 2**, Washington Amendatory Endorsement – Liability.

45.     If a suit is brought alleging damages because of bodily injury caused by an occurrence to which the USAA CIC Rental Policy applies, USAA CIC will "provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. . . ."  **Ex. 2**, Washington Amendatory Endorsement –

COMPLAINT FOR DECLARATORY RELIEF - 9

Liability.

46.    The USAA CIC Rental Policy defines "bodily injury" to mean "bodily harm, sickness or disease, including required care, loss of services and death that results." *See* **Ex. 2**, General Provisions – Definitions.

47.    Personal Liability coverage does not apply to any injury "caused by the intentional or purposeful acts of any **insured**, including conduct that would reasonably be expected to result in **bodily injury** to any person or **property damage** to any property." **Ex. 2**, Washington Amendatory Endorsement – Liability and Medical Payments Exclusions.

48.    Personal Liability coverage does not apply to any injury "arising out of or in connection with a **business**[4] engaged in by any **insured**.  This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the **business**." **Ex. 2**, Washington Amendatory Endorsement – Liability and Medical Payments Exclusions.

49.    Personal Liability coverage does not apply to any injury "arising out of the rendering of or failure to render professional services." **Ex. 2** Personal Liability – Liability & Medical Payments Exclusions.

**C.    Dispute Concerning USAA CIC's Coverage Obligations**

50.    Olin initially tendered the Klick Action to USAA CIC via a phone call on August 19, 2022.

---

[4]    The Policy defines "business" to include "trade, profession or occupation." **Ex. 2** General Provisions – Definitions.

COMPLAINT FOR DECLARATORY RELIEF - 10

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

51. During that call, USAA CIC requested that Olin provide a copy of the complaint in the Klick Action so that USAA CIC could assess coverage for the Klick Action.

52. Counsel for Schoon tendered the Klick Action to USAA CIC by email on September 15, 2022.

53. In a September 16, 2022 email, USAA CIC requested Schoon's counsel provide a copy of the complaint in the Klick Action and the police report so that USAA CIC could assess coverage for the Klick Action.

54. On September 23, 2022, counsel for Olin faxed a copy of the First Amended Complaint in the Klick Action to USAA CIC.

55. USAA CIC sent a letter to Olin declining coverage for the Klick Action on October 7, 2022. A copy of the October 7, 2022 letter is attached hereto as **Exhibit 5**. USAA CIC also sent a letter to Schoon declining coverage for the Klick Action on October 7, 2022, on the grounds that Schoon was not an insured under the terms of the USAA CIC Rental Policy. Schoon did not respond to or otherwise challenge USAA CIC's declination of coverage. Upon information and belief, Schoon settled with the Estate and was dismissed from the Klick Action in 2024, and so was not a party to the case when the verdict and judgment were entered.

56. Neither Olin nor her attorneys requested clarification or further explanation of USAA CIC's reasons for denying coverage for the Klick Action, or otherwise communicated with USAA CIC regarding the Klick Action, until nearly two years later, on September 11, 2024, when counsel for Olin faxed a second demand for

COMPLAINT FOR DECLARATORY RELIEF - 11

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

coverage to USAA CIC (the "Second Tender").

57.     In the Second Tender, counsel for Olin claimed that USAA CIC had been unclear about the basis for its denial of coverage.  Despite the purported lack of clarity, Olin's counsel nevertheless listed all the bases on which USAA CIC denied coverage, including that the incident does not constitute an occurrence, that the damages were expected or intended and that coverage is excluded under the business or professional services exclusions.  Counsel for Olin further alleged that Klick's Estate had made new allegations in a motion for partial summary judgment which established coverage.  Finally, counsel for Olin alleged USAA CIC's October 7, 2022 letter violated USAA CIC's statutory claims handling duties under Washington law.

58.     Counsel for Olin sent a letter on October 3, 2024 requesting USAA CIC's participation in an October 8, 2024 mediation.

59.     USAA CIC responded to the Second Tender and follow up letter on November 15, 2024, declining coverage for the Klick Action.  A copy of USAA CIC's November 15, 2024 letter is attached hereto as **Exhibit 6**.

60.     On December 22, 2025, counsel for Olin sent a letter to USAA CIC alleging USAA's declinations of coverage violated statutory, regulatory, contractual and extra-contractual duties to Olin.

## COUNT I:  DECLARATORY JUDGMENT

### (No Duty to Defend or Indemnify Shannon Olin)

61.     USAA CIC incorporates by reference Paragraphs 1 through 60 as though fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF - 12

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

62. An actual controversy exists between USAA CIC, on the one hand, and Shannon Olin and/or Klick's Estate on the other hand, regarding USAA CIC's alleged duty to defend and/or indemnify Shannon Olin in connection with the Klick Action.

63. No coverage under the USAA CIC Rental Policy applies to the Klick Action, because the Klick Action alleged injuries not caused by an "occurrence," *i.e.*, an accident which results, during the policy period, in bodily injury or property damages. The Klick Action does not allege that any accident occurred and resulted in bodily injury or property damage; that is, damages were allegedly caused solely by intentional, as opposed to accidental, conduct.

64. Following the dismissal of claims relating to the shooting itself, no coverage under the USAA CIC Rental Policy applied to the Klick Action because the Klick Action did not allege any damages because of "bodily injury" as that term is defined in the USAA CIC Rental Policy. Further, because the Klick Action did not allege any bodily injury following the dismissal of the shooting claims and an accident must result in bodily injury during the policy period to constitute an occurrence, the Klick Action also did not allege damages caused by an "occurrence."

65. Coverage for the Klick Action is also precluded by exclusions in the USAA CIC Rental Policy for injuries:

    a. Caused by the intentional or purposeful acts of any insured;

    b. Arising out of or in connection with a business engaged in by an insured; or

    c. Arising out of the rendering of professional services.

COMPLAINT FOR DECLARATORY RELIEF - 13

66.     The only potential causes of damages alleged in the Klick Action are the shooting of Klick and the relationship between Olin and Klick.  Neither of those is an "occurrence," *i.e.*, an accident, as defined by the USAA CIC Rental Policy.  Both the shooting and the relationship were intentional, willful, and voluntary, *i.e.*, not accidental.  As such, there is no coverage under the USAA CIC Rental Policy for the Klick Action.

67.     Additionally, the damages alleged in the Klick Action arose out of or were in connection with a business (defined in the USAA CIC Rental Policy to include professional endeavors) engaged in by Olin.  Liability in the Klick Action is premised on Olin's role as Klick's therapist, which made Olin and Klick's relationship improper.

68.     The damages alleged in the Klick Action also arose out of Olin's rendering or failure to render professional services (*i.e.*, mental health therapy), because Olin met and began dating Klick in the context of their therapeutic relationship and during Klick's treatment, and the Klick Estate alleged that Olin owed a duty as Klick's former therapist and as a mental health professional to take action to prevent Klick from harming himself.

69.     All damages alleged in the Klick Action were caused by plainly intentional conduct, arose from and were connected with Olin's business, and arose out of provision or failure to provide professional services.  Accordingly, USAA CIC is entitled to a declaration that under the terms, conditions, and exclusions of USAA CIC Rental Policy, it has no duty to defend or indemnify Shannon Olin in connection with the Klick Action.

COMPLAINT FOR DECLARATORY RELIEF - 14

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff USAA Casualty Insurance Company respectfully prays for judgment against the Defendants, including the following declarations:

A.    That USAA CIC has and had no duty to defend Shannon Olin in connection the Klick Action or any of the conduct alleged in it, because the Klick Action does not allege injuries caused by an "occurrence" as the term is defined in the USAA CIC Rental Policy, because the Klick Action does not allege damages because of bodily injury, and because coverage is precluded by the exclusions identified in ¶ 65 above;

B.    That USAA CIC has no duty to indemnify Shannon Olin in connection with the Klick Action or any of the conduct alleged in it, because the Klick Action does not allege injuries caused by an "occurrence" as the term is defined in the USAA CIC Rental Policy, because the Klick Action does not allege damages because of bodily injury, and because coverage is precluded by the exclusions identified in ¶ 65 above;

C.    That USAA CIC is entitled to its costs; and

D.    That USAA CIC is entitled to such other relief as this Court may deem just and proper.

DATED this 10th day of June, 2026.

MURPHY ARMSTRONG FIRM, LLP

By: /s/  James P. Murphy
James P. Murphy, WSBA #18125
Brian C. Armstrong, WSBA # 31974
719 Second Avenue, Suite 701
Seattle, WA 98104

COMPLAINT FOR DECLARATORY RELIEF - 15

T/206-985-9770; F/206-985-9790
jpm@maflegal.com
bca@maflegal.com
*Attorneys for Plaintiff USAA Casualty*
*Insurance Company*

COMPLAINT FOR DECLARATORY RELIEF - 16